UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAY C PITRE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1020 |
| | § | |
| US BANK NATIONAL ASSOCIATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are Defendants US Bank National Association ("US Bank") and Wells Fargo Bank's ("Wells Fargo") Motions to Dismiss or For More Definite Statement (Docs. 20, 33) and Motion for Summary Judgment. Doc. 31. Defendants move to dismiss on the grounds that Plaintiff Ray C. Pitre ("Pitre") has failed to obtain counsel and respond to Defendants' discovery requests, in violation of the Magistrate Judge's orders in this case. Defendants previously have moved for summary judgment on Pitre's first amended complaint on the grounds that Pitre has failed to introduce evidence that would support an essential element of his claim or that the evidentiary record "negate[s] the existence of a material element" of Pitre's claim. Doc. 31 at 7.

Pitre also has suggested that this proceeding should be stayed, pursuant to 11 U.S.C. § 362, by his petition for bankruptcy (No. 2:11-BK-26553-RTB) in the United States Bankruptcy Court for the District of Arizona. Doc. 36. Section 362 applies to actions "against the [bankruptcy] debtor" or "against the property of the estate," including actions to perfect liens or titles or to assess or collect taxes on or against the property. Because this action was brought by Pitre, who is now the petitioner in a bankruptcy proceeding, it is not one against a bankruptcy debtor or his property and therefore not subject to a stay under 11 U.S.C. § 362.

Because the Court finds that, despite repeated opportunities to amend his complaint to clarify the nature of his claims and the facts underlying these claims, Pitre has failed to state a claim for which relief can be granted, the Court hereby dismisses Pitre's claims. Defendants Motions are rendered moot by this decision.

<u>Background and Relevant Facts</u>

On March 29, 2010, Pitre, proceeding *pro se*, filed a complaint for declaratory and injunctive relief against Defendants US Bank, Wells Fargo, and Brice, Vander Linden & Wernick, P.C. ("Brice, Vander"). On November 3, 2010, Plaintiff filed a First Amended Complaint. Doc. 16. On July 27, the Court granted Defendant Brice, Vander's Motion to Dismiss on the grounds that it was not a real party in interest. Doc. 30 at 2.

On November 4, the Magistrate Judge recommended that Plaintiff obtain counsel by January 4, 2011. On March 16, Pitre requested additional time to obtain counsel (Doc. 23) which the Magistrate Judge granted. Doc. 28. On August 22, Pitre filed his Second Amended Complaint against Defendants US Bank, Wells Fargo, and purportedly against Brice, Vander. Doc. 32. Despite his repeated attempts, Plaintiff has been unable to state a claim for which relief can be granted. The Court therefore finds that his case must be dismissed.

<u>Legal Standards</u>

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S.Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir.2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir.2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir.2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir.2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565

F.3d 228, 232 (5th Cir.2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F.Supp.2d 656 (S.D.Tex.2010).

Of course, "[a] document filed pro se is 'to be liberally construed,' ... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Although "a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. . . The district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Bazrowx v. Scott*, 136 F.3d 1053 (5th Cir 1998) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 301 (2d ed.1990) (footnote omitted).

Here, Pitre twice has been granted leave to amend his pleadings to provide a more definite statement of the claims he alleges. The Magistrate Judge twice has rescheduled proceedings–at Pitre's request–to allow Pitre to obtain counsel to represent him in this case. These opportunities satisfy the fair procedure required before the Court may dismiss this action on its own motion.

<u>Analysis</u>

Plaintiff has asserted claims under the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Home Ownership Equity Protection Act ("HOEPA"), the Housing and Urban Development Act ("HUD"), and Texas Property Code §51.002. The Court will analyze whether Pitre states a claim under each of the statutes he identifies.

### 1. Real Estate Settlement Procedures Act

Plaintiff's complaint states that Defendants violated the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Home Ownership Equity Protection Act by failing to respond to his Qualified Written Request ("QWR") pursuant to 12 U.S.C. § 2605(e), 15 U.S.C. § 1601 *et seq.*, and 15 U.S.C. § 1639. Doc. 32 at 21-22.

Section 2605(e) of the RESPA requires loan servicers, upon receipt of a written borrower dispute, to provide a written response to the borrower acknowledging receipt within twenty days (excluding holidays and weekends) unless the action requested is taken within such period. 12 U.S.C. § 2605(e)(1)(A). The remedy for failure to comply with any provision of Section 2605 is actual damages sustained as a result of the failure or additional damages in the case of a pattern or practice of noncompliance. 12 U.S.C. § 2605(f).

Pitre alleges that he "sent a Qualified Written Request complaint, disputing the overcharges of the debt and validation of debt. . . . Upon receiving (QWR) letter America's Servicing then place a hold on the foreclosure and then sent Plaintiff a letter dated on June 19, 2009 offering a loan modification." Doc. 32 at 21. Pitre concedes that Wells Fargo replied to his request. He does not identify concerns in his QWR that Wells Fargo failed to address or the specific provisions of RESPA that either Defendant is alleged to have violated. Additionally Pitre does not allege specifically any damages sustained as a result of this communication. Pitre fails to state a claim under 12 U.S.C. § 2605 and therefore his RESPA claim must be dismissed.

### 2. Truth in Lending Act and Home Equity Ownership Protection Act Claims

TILA requires creditors to disclose to borrowers the terms and conditions of the loan such as the amount financed, the finance charges, the number of payments scheduled to repay the loan, as well as the borrower's right to rescind the loan. 15 U.S.C. §§ 1635(a) & 1638(a).

Congress passed the HOEPA as an amendment to TILA in order to heighten the disclosure requirements for certain types of loans made at higher interest rates or with excessive costs or fees. 15 U.S.C. 1602(aa)(1). Damages actions under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Actions for rescission "expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

"[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but ... the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir.1986).

Plaintiff states that "[o]n or about October 05, 2005, Plaintiff borrowed $67,500.00 from New Century Mortgage Corporation." Doc. 32 at 3. "To secure payment of the promissory note, Plaintiff signed and delivered to New Century Mortgage Corporation an Original written and signed deed of trust dated October 05, 2005, in which Plaintiff . . . conveyed to New Century Mortgage Corporation . . . an interest in the Property as security for payment. . . On or about October 22, 2005, the deed of trust was recorded in the official Records of Harris County, Texas." Plaintiff brought this action on March 29, 2010, almost five years after the loan transaction that is the subject of Pitre's claims. As a result, Plaintiff's TILA claim is time-barred. Claims under the HOEPA are subject to the TILA's statute of limitations. *See Lechner v. Citimortgage, Inc.*, 2009 WL 2356142 at * 4 (N.D.Tex.2009). Therefore Plaintiff's claims under HOEPA are also time-barred.

3. Fair Housing Act Claim

Pitre "believes that Defendants unlawfully steered applicants to less favorable credit products and less favorable forbearance payment plan[s] than they qualified for based on class and race" in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Doc. 32 at 20. Pitre alleges that the Defendants conducted a practice of "redlining"–the practice by which service providers deny consumers their services or charge increased rates to residents in certain areas, often determined by race–when they "steered [him] to accept a forbearance payment plan, other than a loan modification[,] based on class and race . . . base[d] on zip codes." *Id.*

The Fair Housing Act prohibits discrimination on the basis of race in the sale or rental of a dwelling. 42 U.S.C.A. § 3604(a). Courts have found that the provision of § 3604(a) making it unlawful to "otherwise make unavailable or deny" a dwelling on the basis of race encompasses the practice of mortgage redlining. *See Southend Neighborhood Imp. Ass'n v. St. Clair County*, 743 F.2d 1207 (7th Cir. 1984). Here, however, Pitre has failed to allege any set of facts that support his assertion that Defendants engaged in redlining, or any other discriminatory conduct, on the basis of race. He has demonstrated no more favorable loan options that might have been available to him but for a discriminatory practice and has alleged no basis for his belief that Defendants discriminated against him other than his dissatisfaction with the terms of his mortgage. Even drawing all reasonable inferences in Pitre's favor, his stated "belief" that "Defendants unlawfully steered applicants to less favorable credit products and less favorable forbearance payment plan[s] than they qualified for based on class and race" does not contain sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1939 (citing *Twombly*,

550 U.S. at 556). Instead, the statements are the type of "conclusory allegations, unwarranted deductions, or legal conclusions" that fail to state a claim. *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d at 362. Because Pitre fails to allege sufficient facts to support his FHA claim, it must be dismissed.

4. State Foreclosure Laws

Similarly, Pitre has failed to state a claim under the Texas Property Code. Pitre mentions the Texas Property Code on the first and second pages of his complaint in sections listing the causes of action under which he brings his suit and again at the end of his complaint in his request for relief. Doc. 32 at 1, 2, 33. He does not, however, describe a course of Defendants' conduct that would place them in violation of this statute. Section 51.002 contains only notice provisions required in order to conduct a foreclosure sale. The gist of Pitre's allegations is that Defendants actively misled and discriminated against him in the creation of his loan and that they unlawfully failed to grant him a modification. Pitre does not allege any facts that give rise to a claim of inadequate notice under Section 51.002. Therefore this claim must also be dismissed.

Conclusion

For the reasons discussed in this order, the Court hereby

**ORDERS** that Plaintiff Ray C. Pitre's claims against Defendants US Bank National Association and Wells Fargo Bank are **DISMISSED** without prejudice. Defendants' Motions for Summary Judgment (Doc. 31) and to Dismiss (Docs. 20, 33) are rendered moot by this decision.

SIGNED at Houston, Texas, this 9th day of November, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE